JOHN SKOOLINSKY, by CLARENCE HALDEMAN, His Guardian ad Litem, Respondent, v. LEHIGH VALLEY RAILROAD COMPANY, Sued Herein as LEHIGH VALLEY RAIL-ROAD Co., Appellant.— Action commenced June 15, 1933, for damages for personal injuries sustained in 1917, at Allentown, Pa., by plaintiff, then an infant, through the alleged negligence of defendant. In 1917 plaintiff and his parents were residents of Pennsylvania. The defendant was and is a corporation organized and existing under the laws of that State. Issue was joined August 10, 1933, and the cause placed on the calendar. It was reached for trial November 19, 1934; and then marked off because of the non-availability of a material witness for plaintiff. Until June, 1936, no steps were taken by either party to bring the cause to trial. Then plaintiff, having located the missing witness, moved to restore it for trial. Defendant thereupon moved to dismiss the action (1) because of plaintiff's claimed unreasonable neglect to prosecute; (2) because plaintiff at the time of the commencement of the action was a non-resident of New York, defendant was such foreign corporation, and the alleged cause arose in Pennsylvania, by reason of all of which it was claimed that the court should refuse to entertain jurisdiction; (3) because the action was not commenced within two years after the accrual of the alleged cause and that the latter was barred by the New York and Pennsylvania Statutes of Limitation; and finally (4) because there was no merit in the alleged cause by reason of the claimed contributory negligence of the plaintiff and of his parents, to him imputable. Order denying defendant's motion thus to dismiss affirmed, with ten dollars costs and disbursements. The contentions of the defendant relating to its claims (2) that the court should not entertain jurisdiction, (3) that the action is barred by such Statutes of Limitation, and (4) as to contributory negligence, may not be disposed of on a motion to dismiss; they must be disposed of at the trial.

As to contention (1) there was excuse for the delay in prosecution justifying denial of the motion. Young, Hagarty, Johnston, Adel and Taylor, JJ., concur.